**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Giang Van Doan a/k/a Doan Giang

    v.                                                     Civil No. 23-cv-183-LM-AJ

FCI Berlin Warden and U.S. Immigration
and Customs Enforcement Director

**REPORT AND RECOMMENDATION**

Petitioner, Giang Van Doan, a federal prisoner with an immigration detainer, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) against Respondents, the FCI Berlin Warden and U.S. Immigration and Customs Enforcement ("ICE") Director.[1]  He claims the Federal Bureau of Prisons ("BOP") is refusing to apply his earned time credits to his sentence, based on a 2004 "final order of removal," in violation of the First Step Act ("FSA").  According to Petitioner, that final order of removal is no longer valid.  He seeks an order from this court directing the BOP to apply FSA earned time credits to his sentence and directing Respondents to cancel his detainer, which he asserts was lodged in violation of his federal rights.

---

[1] See also Petition Addenda (Doc. Nos. 2, 4, 14).

Respondents' motion for summary judgment (Doc. No. 5) is before the court for a recommendation as to disposition.  See Order, June 15, 2023.  Respondents have argued that the Petitioner is the subject of a final order of removal and is ineligible for the application of FSA earned time credits as a matter of law.[2]  Petitioner objects (Doc. No. 10), and the parties filed reply (Doc. No. 12) and surreply (Doc. No. 13) briefs.

## Background

The following facts are undisputed, except as otherwise noted. Petitioner was born in Vietnam and entered the United States in 1982.  An immigration judge ordered him removed to Vietnam on February 10, 2004.  In re Doan, Ord. of the Imm. J. (Doc. No. 10, at 5) ("Removal Order").  The Petitioner waived his right to appeal. See id.  Petitioner asserts that he has been arrested or detained two or three times since then by ICE.  Each time, however, he asserts he was released on terms of supervision because ICE did not want him and/or there was no significant likelihood he would be removed to Vietnam in the reasonably foreseeable future.

Petitioner is currently a federal prisoner, serving a sentence imposed in his criminal case in February 2016 after he pleaded

---

[2] The Respondents have not specifically briefed or moved for summary judgment on the Petitioner's claims challenging his ICE detainer.

2

guilty to two counts of conspiring to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See United States v. Giang Van Doan, No. 14-cr-225-MMA-4, 2023 WL 6998179, at *1, 2023 U.S. Dist. LEXIS 190225, at *1 (S.D. Cal. Oct. 23, 2023) (procedural history).  Petitioner was sentenced to a 168-month term of imprisonment followed by a five-year term of supervised release.  See Decl. Robert Rouleau ("Rouleau Decl."), May 10, 2023, (Doc. No. 5-3 ¶ 5).  He filed this action while serving that sentence at FCI Berlin.

On or about April 14, 2022, ICE lodged an immigration detainer, (Doc. No. 5-3, at 7), addressed to FCI Berlin, based on the existence of a "final order of removal" against Petitioner.  The detainer asks FCI Berlin to hold Petitioner upon his release for up to 48 hours, to allow ICE to assume custody.  Id.  FCI Berlin officials confirmed in 2023 that ICE intends to take custody of Petitioner after his federal sentence.  Rouleau Decl. (Doc. No. 5-3 ¶ 7).

A BOP FSA Time Credit Assessment completed on September 5, 2023, shows that Petitioner had earned 570 FSA time credits as of that date.  See FSA Time Credit Assessment, Sept. 5, 2023, (Doc. No. 14-1, at 2).  None of those credits have been applied to his sentence.  The BOP has determined that Petitioner is ineligible for the application of any FSA time credits because of his Removal Order.  See Rouleau Decl. (Doc. No. 5-3 ¶ 7).  The BOP projects

Petitioner's release date to be January 11, 2026, based on his good conduct time.  See id. ¶ 5.

## Legal Standard

Habeas corpus review pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  This court may adjudicate claims alleging that the BOP has unlawfully failed to apply a prisoner's sentence credits or that the BOP has unlawfully delayed a person's transfer to a community-based custodial setting.  See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015).  Petitioner bears the burden of proving that his continuing detention violates his federal rights.  See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

A court ruling upon a petition for a writ of habeas corpus may hear motions for summary judgment.  Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997).  Summary judgment is appropriate when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"  Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 WL 21228520, at *3, 2003 U.S. Dist. LEXIS 8955, at *8-9 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007).  A "material fact" is one that has the "potential to affect the outcome of the suit."  Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir.

4

2017) (citation and internal quotation marks omitted).  A "genuine dispute" exists if a reasonable factfinder could resolve the disputed fact in the nonmovant's favor.  Ellis v. Fidelity Mgt. Trust Co., 883 F.3d 1, 7 (1st Cir. 2018).

## Discussion

### I. FSA Time Credits

The FSA allows eligible prisoners to earn up to fifteen days of time credits for every thirty days of qualified programs and activities they participate in while serving the custodial component of their sentences.  See 18 U.S.C. § 3632(d)(4)(A), (B).  A sufficient amount of FSA time credits, when applied, will advance the date when an eligible prisoner will be placed in prerelease custody and accelerate the date when that prisoner will leave BOP custody to start a term of supervised release.  See Hedges v. U.S. Marshals Serv., No. 5:22-cv-294-DCR, 2022 WL 17177630, at *2, 2022 U.S. Dist. LEXIS 212385, at *3 (E.D. Ky. Nov. 23, 2022).  The FSA provides that any prisoner who is the subject of a final order of removal is not eligible to have any FSA earned time credits applied to his or her sentence.  See 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . .").

5

The parties agree that Petitioner is the subject of the 2004 Removal Order. Petitioner, however, argues that the Removal Order is outdated and unenforceable because Vietnam will not take him back. He also argues that the Removal Order is stayed and not final because he had been paroled into the United States, and ICE has previously released him without effecting his removal.[3] Petitioner further asserts that he has been denied the same access to prerelease custody that his co-defendant received after ICE lifted that person's detainer, following his case manager's inquiry.

Respondents maintain that the Removal Order is valid. They also state that Petitioner's Removal Order, not his detainer, provides the basis for the BOP's determination that he is not eligible for the application of FSA time credits.[4]

Under the Immigration and Nationality Act ("INA"), if an immigration judge decides after a hearing that a noncitizen is inadmissible or deportable, and that the person is not entitled to

---

[3] The parties disagree as to whether Petitioner is likely to be removed and repatriated at this time. This court expresses no opinion on that issue, as that issue is not properly resolved upon the record before this court and is not necessary for a ruling on the motion for summary judgment or any claim in the § 2241 petition.

[4] Under a BOP policy that became effective in 2023, eligible prisoners with detainers (but not final orders of removal) may be placed in prerelease custody, upon the application of their FSA earned time credits. See Mero v. Warden, FCI Berlin, No. 23-cv-155-SM, 2023 DNH 097, 2023 WL 5280320, at *1, 2023 U.S. Dist. LEXIS 141097, at *3 (D.N.H. Aug. 14, 2023) (citing PS 5410.10 CN-2 (Mar. 10, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf).

6

relief from removal such as adjustment of status or asylum, the immigration judge will issue an order of removal.  See Johnson v. Guzman Chavez, 141 S. Ct. 2271, 2281 (2021) (citing 8 U.S.C. §§ 1229a(a)(1), 1229a(c)(5)).  The noncitizen may challenge the immigration judge's order of removal by filing a motion to reconsider, a motion to reopen, an appeal to the Board of Immigration Appeals ("BIA"), and a petition for review in federal court.  Johnson, 141 S. Ct. at 2281 (citing 8 U.S.C. §§ 1229a(c)(5)-(7), 1252(b); 8 C.F.R. § 1240.15).

A removal order issued by an immigration judge in removal proceedings, like Petitioner's, becomes "final," pursuant to applicable administrative regulations, upon dismissal of an appeal by the BIA, upon waiver of appeal by the noncitizen, or expiration of the time allotted for an appeal if the person does not appeal within that time.  See 8 C.F.R. § 1003.39 ("Except when certified to the [BIA], the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."); see also id. §§ 1240.14, 1241.1(a)-(f).

Petitioner's Removal Order states that he waived his right to appeal in February 2004.  Accordingly, the Removal Order became administratively "final" at that time.  See id. §§ 1003.39, 1240.14.  Nothing in the record suggests that the Removal Order has since been

7

reconsidered, reopened, or cancelled by any agency official, immigration judge, the BIA, or court with jurisdiction to do so.

Petitioner argues that the Removal Order is outdated. It is undisputed that the Removal Order has not been executed,[5] and that it was issued twenty years ago. Unexecuted final orders of removal do not expire with the passage of time. See, e.g., Romero v. Sec'y, U.S. Dep't of Homeland Sec., 20 F.4th 1374, 1384-85 (11th Cir. 2021) (a removal order that was never executed was "still operative" thirty-five years later). Cf. Calderon v. Mayorkas, No. 20-CV-3164 (GRB), 2021 WL 5707431, at *3, 2021 U.S. Dist. LEXIS 233051, at *7 (E.D.N.Y. Nov. 30, 2021) ("Plaintiff seeks to effectively nullify the underlying [unexecuted 1995] order of deportation and thereby runs afoul of 8 U.S.C. § 1252(a)(5)'s prohibition on this Court's judicial review of orders of removal.").

Petitioner argues that he was "paroled" into the United States by an immigration judge, which he contends shows that the removal order is not properly deemed to be "final." This court notes that the Petitioner has not provided evidence of that parole determination. He appears to be referring to a decision to release him into the United States on terms of supervised release. But even if he is referring to a discretionary decision not to effect his

---

[5] Cf. Morales-Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007) ("When an alien subject to removal leaves the country, the removal order is deemed to be executed.").

8

removal for humanitarian reasons, for example,[6] this court would not find that his underlying removal order was not "final" for purposes of the FSA's ineligibility provision.  See 18 U.S.C. § 3632(d)(4)(E)(i).  Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary grant of discretionary relief, have rendered the underlying Removal Order nonfinal.  See Cao v. U.S. I.N.S., 189 F. Supp. 2d 1082, 1086 (S.D. Cal. 2001) ("Even if bond was required solely to secure appearance for removal in a case where there was no substantial chance for removal in the foreseeable future, the order of removal is still a valid and enforceable order.").  Cf. Johnson, 141 S. Ct. at 2288 ("the validity of removal orders is not affected by the grant of withholding-only relief").

Insofar as Respondents have shown that the Petitioner is the subject of a final order of removal, and nothing in the record

---

[6] "The most common way to be 'paroled' is via 8 U.S.C. § 1182(d)(5) . . . where a noncitizen petitions the Attorney General, who has wide discretion to grant or deny petitions." L.F.O.P. v. Mayorkas, 656 F. Supp. 3d 274, 276 (D. Mass. 2023).  See generally 8 U.S.C. § 1182(d)(5) ("Attorney General may . . . in his discretion parole into the United States <u>temporarily</u> under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States" (emphasis added)).

9

suggests that the Removal Order has been reopened, reconsidered, cancelled, or is otherwise no longer "final" under the immigration laws of the United States, the Petitioner is ineligible for the application of FSA time credits by operation of 18 U.S.C. § 3632(d)(4)(E)(i). Accordingly, the district judge should grant Respondents' motion for summary judgment (Doc. No. 5) on the FSA time credit claims.

## II. ICE Detainer

Petitioner asks this court to review his ICE detainer. Specifically, he claims that ICE agents lodged his detainer in violation of his federal rights, and that Respondents have treated him differently than his co-defendant. He asserts claims arising under the Due Process Clause; a regulation, 8 C.F.R. § 241.13, which applies to certain noncitizens in detention[7]; and -- liberally

---

[7] The cited regulation describes its scope and purpose as:

> [E]stablish[ing] special review procedures for those aliens who are subject to a final order of removal and are detained . . . after the expiration of the removal period [generally 90 days after issuance of a final order of removal], where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future.

8 C.F.R. § 241.13(a) (emphasis added).

10

construing his pro se pleadings -- his right to equal protection. See Doc. No. 4, at ¶¶ 12-13, 16.

Insofar as the Respondent's motion for summary judgment (Doc. No. 5) does not address the Petitioner's claims relating to his detainer, an Order granting the motion for summary judgment will not dispose of all of the issues in this case.  No later than thirty days after the court rules on the motion for summary judgment (Doc. No. 5), Respondents must file a (second) motion for summary judgment addressing the ICE detainer claims.

## Conclusion

For the foregoing reasons, the district judge should grant Respondents' motion for summary judgment (Doc. No. 5) on the FSA time credit claim, leaving for further proceedings Petitioner's claims challenging his ICE detainer, which are not addressed in the summary judgment motion.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any

issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 21, 2024

cc: Giang Van Doan, pro se
    Raphael Katz, Esq.